**BRIDGET KENNEDY**
California State Bar No. 253416
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone (619) 234-8467
Facsimile (619) 687-2666
Bridget_Kennedy@fd.org

Attorneys for LEONARDO LOPEZ-ALVAREZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08CR2343-MLH |
| Plaintiff, | ) DATE: September 2, 2008 |
| | ) TIME: 2:00 p.m. |
| v. | ) |
| | ) NOTICE OF MOTIONS AND MOTIONS TO: |
| LEONARDO LOPEZ-ALVAREZ, | ) (1) COMPEL DISCOVERY AND PRESERVE |
| AKA Gilberto Gonzalez-Aguilar | ) EVIDENCE; and |
| | ) (2) GRANT LEAVE TO FILE FURTHER |
| Defendant. | ) MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
PAUL S. COOK, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on September 2, 2008 at 2:00 p.m. or as soon thereafter as counsel may be heard, defendant, LEONARDO LOPEZ-ALVAREZ, AKA Gilberto Gonzalez-Aguilar, by and through his attorneys, BRIDGET KENNEDY, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//
//
//
//
//

08CR2343-MLH

**MOTIONS**

Defendant, LEONARDO LOPEZ-ALVAREZ, AKA Gilberto Gonzalez-Aguilar, by and through counsel, BRIDGET KENNEDY, and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) Compel Discovery and Preserve Evidence;
(2) Grant Leave to File Further Motions

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: August 21, 2008

 *s/ Bridget Kennedy*
**BRIDGET KENNEDY**
Federal Defenders of San Diego, Inc.
Bridget_Kennedy@fd.org
Attorneys for Mr. Lopez-Alvarez

**BRIDGET KENNEDY**
California State Bar No. 253416
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone (619) 234-8467
Facsimile (619) 687-2666
Bridget_Kennedy@fd.org

Attorneys for LEONARDO LOPEZ-ALVAREZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY TED MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR2343-MLH |
| Plaintiff, | DATE: September 2, 2008<br>TIME: 2:00 p.m. |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS OF MR. LOPEZ-ALVAREZ |
| LEONARDO LOPEZ-ALVAREZ,<br>    AKA Gilberto Gonzalez-Aguilar, | |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

The government asserts that Mr. Lopez-Alvarez is an alien who attempted entry into the United States on May 16, 2008, after having been excluded, deported or removed from the United States in violation of 18 U.S.C. § 1326.

---

[1] The following statement of facts and any facts further cited in this motion are based on the government's 18 U.S.C. §1326 indictment against Mr. Lopez-Alvarez. Mr. Lopez-Alvarez in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

## II.

## **THIS COURT SHOULD COMPEL DISCOVERY AND ORDER THE PRESERVATION OF THE EVIDENCE**

At the time of this filing, the government has provided Mr. Lopez-Alvarez with limited discovery -- in total 53 pages of discovery.

Mr. Lopez-Alvarez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1.  The Defendant's Statements. The Government must disclose to Mr. Lopez-Alvarez all copies of any written or recorded statements made by the defendant; the substance of any statements (even if not written or recorded) made by him which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; and any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2.  Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers,

1 dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. <u>Mr. Lopez-Alvarez's "A-File."</u> Mr. Lopez-Alvarez requests <u>the Court enter an order</u> giving him the opportunity for his attorney and/or a defense investigator to inspect and copy the entire contents of his immigration "A-File" at a time mutually convenient to both parties. A proposed order will be sent via electronic mail to Chambers as well as to the United States Attorney.

4. <u>Brady Material</u>. Mr. Lopez-Alvarez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

5. <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>. The government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

6. <u>The Defendant's Prior Record</u>. Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record.

7. <u>Any Proposed 404(b) Evidence</u>. To the extent that there is any such evidence, the government must produce evidence of prior similar acts under Fed. R. Crim. P. 404(b) and "shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Crim. P. 404(b) at trial. <u>See</u> <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). Mr. Lopez-Alvarez requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

8. <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

9. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest

1    in this case be preserved. This request includes, but is not limited to, individuals, the results of any
2    fingerprint analysis, the defendant's personal effects, the vehicle, and any other evidence seized from
3    the defendant or any third party. It is requested that the government be ordered to question all the
4    agencies and individuals involved in the prosecution and investigation of this case to determine if
5    such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

6   10.   <u>Henthorn Material</u>. Mr. Lopez-Alvarez requests that the Assistant United States Attorney ("AUSA")
7    assigned to this case oversee (not personally conduct) a review of all personnel files of each agent
8    involved in the present case, and produce to him any exculpatory information and impeachment
9    material at least two weeks prior to trial and one week prior to the motion hearing. <u>See</u> <u>Kyles v.</u>
10   <u>Whitley</u>, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any
11   favorable evidence known to the others acting on the government's behalf in the case, including the
12   police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>see also</u> <u>United States v. Jennings</u>,
13   960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of
14   records; appropriate government agency may review files and notify AUSA of contents as long as
15   AUSA makes the determination regarding material to be disclosed); <u>United States v. Herring</u>, 83
16   F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests that if the government is
17   uncertain whether certain information is to be turned over pursuant to this request, that it produce
18   such information to the Court in advance of the trial and the motion hearing for an in camera
19   inspection.

20  11.   <u>Tangible Objects</u>. Mr. Lopez-Alvarez requests the opportunity to inspect, copy, and test, as
21   necessary, all other documents and tangible objects, including photographs, books, papers,
22   documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are
23   material to the defense or intended for use in the government's case-in-chief or were obtained from
24   or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Lopez-Alvarez requests
25   copies of him immigration file as well as any recordings of his alleged prior removal.

26  12.   <u>Expert Witnesses</u>. Mr. Lopez-Alvarez requests the name, qualifications, and a written summary of
27   the testimony of any person that the government intends to call as an expert witness during its case

1    in chief. Fed. R. Crim. P. 16(a)(1)(G). Defendant requests the notice of expert testimony be provided
2    at a minimum of two weeks prior to trial so that the defense can properly prepare to address and
3    respond to this testimony, including obtaining its own expert and/or investigating the opinions,
4    credentials of the government's expert and a hearing in advance of trial to determine the
5    admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119
6    S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy
7    of expert testimony and such determinations may require "special briefing or other proceedings").

8    13.   Impeachment Evidence. Mr. Lopez-Alvarez requests any evidence that any prospective government
9          witness has engaged in any criminal act whether or not resulting in a conviction and whether any
10         witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady
11         v. Maryland, 373 U.S. 83 (1963); United States v. Strifler, 851 F.2d 1197, 1201-1202 (9th Cir. 1988);
12         Thomas v. United States, 343 F.2d 49, 53-54 (9th Cir. 1965).

13   14.   Evidence of Criminal Investigation of Any Government Witness. Mr. Lopez-Alvarez requests any
14         evidence that any prospective witness is under investigation by federal, state or local authorities for
15         any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

16   15.   Evidence of Bias or Motive to Lie. Mr. Lopez-Alvarez requests any evidence that any prospective
17         government witness is biased or prejudiced against him, or has a motive to falsify or distort his or
18         her testimony. Pennsylvania v. Ritchie, 480 U.S. 39, 57-58 (1987); United States v. Strifler, 851 F.2d
19         1197, 1201-1202 (9th Cir. 1988).

20   16.   Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense
21         requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
22         that any prospective witness' ability to perceive, remember, communicate, or tell the truth is
23         impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or
24         has ever been an alcoholic. See United States v. Strifler, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

25   17.   Witness Addresses. Mr. Lopez-Alvarez requests the name and last known address of each
26         prospective government witness. See United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)
27         (defense counsel has equal right to talk to witnesses). The defendant also requests the name and last

28

known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

18. Name of Witnesses Favorable to the Defendant. Mr. Lopez-Alvarez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

19. Statements Relevant to the Defense. Mr. Lopez-Alvarez requests disclosure of any statement relevant to any possible defense or contention that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir.1982). This includes recordings of any alleged deportation proceedings..

20. Jencks Act Material. Mr. Lopez-Alvarez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at trial to allow the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. See also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Mr. Lopez-Alvarez requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross examination.

21. Giglio Information & Agreements Between the Government and Witnesses. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Lopez-Alvarez requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

22. Agreements Between the Government and Witnesses. Mr. Lopez-Alvarez requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit

understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

23. <u>Informants and Cooperating Witnesses</u>. Mr. Lopez-Alvarez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Lopez-Alvarez. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

24. <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Lopez-Alvarez requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25. <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Lopez-Alvarez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

26. <u>Training of Relevant Law Enforcement Officers</u>. Mr. Lopez-Alvarez requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, DHS, Imperial Beach Sheriff's Department, etc.) to their employees regarding: (1) the informing of suspects of their Constitutional rights; (2) the questioning of suspects and witnesses.

27. <u>Residual Request</u>.  Mr. Lopez-Alvarez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. The defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross examination.

### III.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Lopez-Alvarez and defense counsel have received 53 pages of discovery from the government. It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions. Mr. Lopez-Alvarez requests a further opportunity to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Lopez-Alvarez respectfully requests that this Court grant these motions.

Respectfully submitted,

 s/ Bridget Kennedy
Dated:  August 20, 2008   **BRIDGET KENNEDY**
Federal Defenders of San Diego, Inc.
Bridget_Kennedy@fd.org
Attorneys for Mr. Lopez-Alvarez

08CR2343-MLH

**BRIDGET KENNEDY**
California State Bar No. 253416
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone (619) 234-8467
Facsimile (619) 687-2666
bridget_kennedy@fd.org

Attorneys for Mr. Leonardo Lopez-Alvarez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| UNITED STATES OF AMERICA, | ) | Case No. 082343-MLH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PROOF OF SERVICE |
| **LEONAROD LOPEZ-ALVAREZ,** | ) | |
| AKA: Gilberto Gonzalez-Aguilar, | ) | |
| Defendant. | ) | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served via CM/ECF this day upon:

**Paul Cook, Assistant United States Attorney**
Paul.Cook@usdoj.gov efile.dkt.gc1@usdoj.gov,;Helaine.Curtis@usdoj.gov

Dated: August 21, 2008            *s/ Bridget L. Kennedy*
**BRIDGET L. KENNEDY**
Federal Defenders of San Diego, Inc.,
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail:bridget_kennedy@fd.org